UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY HOHENSTEIN,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF PLACER and DOES 1–50,<br><br>Defendant. | No. 2:19-cv-01505-TLN-KJN<br><br><br>**ORDER** |

    This matter is before the Court on Defendant County of Placer's ("Defendant") Motion to Dismiss. (ECF No. 5.) Plaintiff Randy Hohenstein ("Plaintiff") filed an opposition. (ECF No. 6.) Defendant replied. (ECF No. 7.) For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss.

///
///
///
///
///
///
///
///

1

## I.     Factual and Procedural Background

On March 10, 2019, Plaintiff alleges he consumed multiple substances in a failed suicide attempt in his vehicle and placed a suicide note on the dashboard. (ECF No. 1 at 3.) Approximately two hours later, Placer County Sheriff's deputies found him asleep in his vehicle on the side of the road. (*Id.*) Plaintiff alleges the deputies woke him and asked him to exit the vehicle, which Plaintiff did with his hands raised and shut the door with his foot. (*Id.*) According to Plaintiff, the deputies then placed him in a chokehold, flipped him onto the ground, and struck him several times. (*Id.*) Plaintiff alleges the deputies placed him in handcuffs and ordered him to walk towards an ambulance, but Plaintiff was unable to walk. (*Id.*) Plaintiff alleges the deputies then slammed him to the road and threw him against the side of his vehicle. (*Id.*) Plaintiff alleges he suffered serious injuries as a result of the arrest. (*Id.*)

On August 5, 2019, Plaintiff filed the instant action against Defendant and DOES 1–50, alleging various federal and state law claims based on his arrest.[1] On September 26, 2019, Defendant filed the instant Motion to Dismiss Plaintiff's first and fourth claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 5.) In Claim One, Plaintiff alleges violations of his Fourth Amendment rights under 42 U.S.C. § 1983 ("§ 1983") for unlawful detention against all Defendants. (ECF No. 1 at 5.) In Claim Four, Plaintiff brings *Monell* claims against all Defendants. (*Id.* at 6.)

## II.     Standard of Law

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice

---

[1]     Plaintiff indicates he does not know the true names and capacities of DOES 1–50, so he sues those Defendants using fictious names. (ECF No. 1 at 2.) Placer County Sheriff's deputies are designated by DOES 1–25. (*Id.*) DOES 26–50 include high-ranking Placer County officials and police supervisors. (*Id.* at 6.)

2

pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the...laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[ ] [his or her] claims...across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

Defendant moves to dismiss Plaintiff's first and fourth claims. (ECF No. 5-1 at 1.) The Court will address Plaintiff's first and fourth claims in turn.

#### A. Claim One

Plaintiff brings his first claim for unlawful detention against all Defendants. (ECF No. 1 at 5.) Plaintiff does not explicitly state he intends Claim One to be construed as a *Monell* claim. But because Defendant is a municipal entity, Defendant can only be liable for unlawful detention pursuant to *Monell*.

Under *Monell v. Dep't of Soc. Servs. of City of New York*, while a municipal government is liable as a "person" under Section 1983, it cannot be held vicariously liable for the unconstitutional acts of its employees based solely on a respondeat superior theory. 436 U.S. 658, 690–91 (1978). Rather, municipalities are only responsible for "their *own* illegal acts." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original). A plaintiff may premise *Monell* liability on three grounds. *See Clouthier v. Cty. Of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010), *overruled on other grounds by Castro v. Cty. Of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). First, plaintiffs may "establish municipal liability by demonstrating that . . . the

constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Price v. Sery*, F.3d 962, 966 (9th Cir. 2008) (internal quotation marks omitted). Second, plaintiffs may demonstrate that omissions or failures to act amount to a local government policy of deliberate indifference to constitutional rights. *See City of Canton v. Harris*, 489 U.S. 378, 390 (1989); *see also Clouthier*, 591 F.3d at 1249. Third, plaintiffs "may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992).

In his Complaint, Plaintiff summarily alleges under Claim One that deputies beat him "as a direct result of Defendant County's negligent hiring and training practices." (ECF No. 1 at 5.) In its motion to dismiss, Defendant argues Plaintiff's allegations are conclusory and lack factual support. (ECF No. 5 at 5.) Defendant also argues Plaintiff fails to identify any actual policy or custom and fails to allege the acts of the deputies were more than an isolated incident. (*Id.*)

The Court agrees with Defendant that Claim One should be dismissed to the extent Plaintiff intends to allege *Monell* liability for unlawful detention against Defendant. Notably, Plaintiff does not address the unlawful detention claim in his opposition. Plaintiff instead spends most of his opposition arguing he alleged sufficient facts regarding his excessive force claim. (*See* ECF No. 6 at 3–6.) Not only does Plaintiff fail to oppose Defendant's arguments as to the unlawful detention claim, but the Complaint lacks any factual allegations as to *Monell* liability for that claim. Assuming without deciding that Plaintiff pleaded sufficient facts to establish the individual deputies unlawfully detained Plaintiff in violation of the Fourth Amendment, such allegations do not state a *Monell* claim against Defendant. *See Monell*, 436 U.S. at 691 (holding that a municipality cannot be held liable under § 1983 on a *respondeat superior* theory).

As it is, Plaintiff does not allege any facts regarding Defendant's negligent hiring and training practices, nor does he allege facts to suggest his unlawful detention was a direct result of those negligent hiring and training practices. *See Cabral v. City of Glenn*, 624 F. Supp. 2d 1184, 1196 (E.D. Cal. 2009) ("Plaintiff has wholly failed to allege any facts indicating City is liable for negligently hiring Officer Dahl."). Instead, Plaintiff only provides bare legal conclusions, which

are insufficient to state a claim. *Twombly*, 550 U.S. at 555. Accordingly, the Court DISMISSES Claim One to the extent Plaintiff intends to raise a *Monell* claim against Defendant for unlawful detention.

### B. Claim Four

Plaintiff also brings his fourth claim against Defendant, this time explicitly pursuant to *Monell*. (ECF No. 1 at 6.) At the outset, the Court notes Plaintiff's fourth claim is a standalone *Monell* claim — Plaintiff fails to specify which underlying constitutional violation is at issue. Because Plaintiff "re-alleges and incorporates by reference" the preceding paragraphs in the Complaint, the Court construes Plaintiff's fourth claim as alleging *Monell* liability as to all preceding constitutional claims: (1) unlawful detention; (2) unlawful seizure; and (3) excessive force.

As already discussed, Plaintiff fails to state a *Monell* claim for unlawful detention.[2] As to the unlawful seizure claim, the Complaint is devoid of any factual allegations relating to *Monell* liability for that claim. Further, Plaintiff fails to argue in his opposition that the allegations in the Complaint support a *Monell* claim for unlawful seizure. Therefore, to the extent Plaintiff intends to raise a *Monell* claim based on unlawful seizure in Claim Four, the Court DISMISSES this claim.

It appears the only relevant factual allegations in the Complaint concerning *Monell* liability specifically relate to Plaintiff's excessive force claim. In his Complaint, Plaintiff cites a recent Eastern District of California class action case, *Bangert, et al. v. County of PLACER, et al.*, 2:17-cv-01667-TLN-KJN. (ECF No. 1 at 6–7.) Plaintiff alleges the *Bangert* case involved excessive force at Placer County jails and resulted in the Placer County Sheriff's Office adopting a new use of force policy. (*Id.*) Plaintiff further alleges despite having knowledge of the systemic, unwarranted uses of force as evidenced by the *Bangert* case, Defendant encouraged Placer County Sheriff's deputies to continue this course of misconduct and ignored the deputies'

---

[2] To the extent Plaintiff intends to assert a *Monell* claim for unlawful detention in both claims one and four, such claims are duplicative. Should the Plaintiff amend, he should clearly indicate which claim, if any, constitutes the *Monell* claim for unlawful detention.

1 lack of training, which in turn caused Plaintiff's injuries.  (*Id.* at 7.)  Plaintiff argues these
2 allegations are sufficient to state a *Monell* claim based on Defendant's policy, custom, or practice
3 of using excessive force.  (ECF No. 6 at 5–6.)

4       Defendant admits Plaintiff's excessive force allegations "appear to allege more than a
5 single incident similar under the same policy and customs as alleged in the instant case which
6 could arguably put the County on actual or constructive notice that its act or omission would
7 likely result in a constitutional violation."  (ECF No. 5-1 at 6.)  However, Defendant argues
8 *Bangert* only relates to use of force policies at Placer County jails and does not apply to Placer
9 County field officers.  (*Id.*)  Defendant therefore concludes *Bangert* provides "no reasonable basis
10 for the County to have actual or constructive knowledge that *field deputies* are systematically
11 applying use of force procedures."  (*Id.*) (emphasis added).

12       In ruling on a motion to dismiss, the Court must take the factual allegations as true and
13 draw all reasonable inferences in Plaintiff's favor.  *Cruz*, 405 U.S. at 322; *Retail Clerks*, 373 U.S.
14 at 753 n.6.  To summarize, Plaintiff alleges *Bangert* highlighted the existence of a policy or
15 custom of systemic, unwarranted use of excessive force in Placer County jails.  Plaintiff alleges
16 *Bangert* resulted in a new use of force policy, which extended to the Placer County Sheriff's
17 Department.  Finally, Plaintiff essentially alleges that Defendant perpetuated the policy or custom
18 of using excessive force even after *Bangert*, which caused Plaintiff's injuries.[3]  Taking Plaintiff's
19 allegations as true, there is at the very least a reasonable inference that Placer County Sheriff's
20 deputies acted pursuant to the same policy or custom of using excessive force that existed and
21 was brought to light in *Bangert*.  As such, the Court finds Plaintiff's allegations are sufficient to
22 show both "a longstanding practice or custom which constitutes the standard operating procedure

---

[3] In reply, Defendant argues assuming the post-*Bangert* use of force policy extended to the Placer County Sheriff's Office, such change would demonstrate it was no longer Defendant's policy or custom to use excessive force when deputies interacted with Plaintiff.  (ECF No. 7 at 3.)  However, in ruling on a motion to dismiss, the Court is limited to the allegations in the Complaint.  The Complaint alleges Plaintiff's injury and the *Bangert* settlement both took place in March 2019, and thus it is unclear whether the new use of force policy would have been in effect at the time of Plaintiff's arrest.  (*See* ECF No. 1 at 1, 6.)  Regardless, as discussed, the Court interprets Plaintiff's Complaint to allege *Bangert* was indicative of the policy or custom that caused Plaintiff's injuries.

of the local government entity" and "a local government policy of deliberate indifference to constitutional rights."  *See Price*, F.3d at 966; *City of Canton*, 489 U.S. at 390 (1989); *Clouthier*, 591 F.3d at 1249.  For these reasons, the Court DENIES Defendant's motion to dismiss Claim Four in relation to the excessive force claim.

### IV.     CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss (ECF No. 5) is hereby GRANTED in part and DENIED in part as follows:

1. Defendant's Motion to Dismiss Claim One against Defendant is GRANTED with leave to amend to the extent Plaintiff seeks to allege *Monell* liability for unlawful detention in this claim;
2. Defendant's Motion to Dismiss Claim Four against Defendant is GRANTED with leave to amend to the extent Plaintiff seeks to allege *Monell* liability for his unlawful detention and unlawful seizure claims; and
3. Defendant's Motion to Dismiss Claim Four against Defendant is DENIED to the extent Plaintiff seeks to allege *Monell* liability for his excessive force claim.

IT IS SO ORDERED.

DATED:  July 14, 2020

Troy L. Nunley
United States District Judge